United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Christopher Salermo,<br>Defendant. | )<br>)<br>)<br>)  Criminal Case No. 21-20491-CR-Scola<br>)<br>)<br>) |

### Order on the Defendant's Motion for Return of Seized Property

  This matter is before the Court on the Defendant Christopher Salermo's motion for the return of seized property pursuant to Federal Rule of Criminal Procedure 41(g). (Mot., ECF No. 257.) The Government has responded partially opposing Salermo's motion. (Resp., ECF No. 262.) Salermo has not replied, and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **grants in part and denies in part** Salermo's motion for the return of seized property. (**Mot., ECF No. 257**.)

  The Court assumes the parties' familiarity with the factual and procedural background of this case. As relevant here, on July 14, 2022, Salermo pled guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, and the Court sentenced him to thirty-nine (39) months in prison, followed by five (5) years of supervised release. (ECF No. 207.) Salermo served approximately twenty-four (24) months of his original prison sentence before recently being released to the Bureau of Prison's Residential Reentry Management Miami, with an anticipated final release date of May 16, 2024. *See Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Dec. 4, 2023).

  Salermo now seeks the return of four (4) iPhones he claims were seized during the investigation and prosecution of the instant case:

1. an iPhone 8 model seized from a Mercedes G-Wagon by law enforcement in 2016, during the course of their initial investigation of this matter;
2. a red iPhone XR model seized in 2019 by law enforcement at the Miami International Airport; and
3. an iPhone 12 model and an iPhone 13 model, seized in 2021 by law enforcement at the time they arrested Salermo in connection with the instant case.

Salermo argues that, because he has been convicted and completed his prison sentence, there is no legitimate reason for the Government to continue holding the iPhones.

In its response to Salermo's motion, the Government explains that it opposes the return of the first phone—the iPhone 8—because, among other reasons, Salermo's request is legally invalid, as that phone is not in federal custody and is believed to remain in the custody of state officials. In addition, the Government states that it is amenable to returning the other three phones—the iPhone XR, iPhone 12, and iPhone 13—but only if the Court imposes procedures to ensure that the phones are cleared of all stolen personal identifiable information ("PII") and other sensitive information belonging to the victims of Salermo's crimes. Because the instant federal case against Salermo is now closed, the Government explains, it takes no issue with returning the three other phones, as long as they can be cleaned of all identity-theft information.

Under Federal Rule of Criminal Procedure Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property . . . may move for the property's return." Fed. R. Crim. P. 41(g). The Rule specifies that "[i]f it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." *Id.* In cases such as this, "[w]hen an owner invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005) (setting forth relevant considerations).

First, the Court denies Salermo's request for return of phone number 1—the iPhone 8—because the Government has convincingly argued that that phone is not in its possession. Indeed, given that Salermo failed to reply to the Government's response, it seems clear that the iPhone 8 was first seized by the Coral Gables Police Department ("CGPD") sometime in 2016, and that the CGPD retained custody of that phone.

Second, the Court grants Salermo's request for the return of the other three phones—the iPhone XR, iPhone 12, and iPhone 13—*on the condition* that Salermo grant the Government access to the phones for the purpose of deleting all the identity-theft information stored inside. Once Salermo cooperates with the Government to allow it to access to those phones, the Government will have **one month** to wipe the devices of all sensitive information before returning them to Salermo. Again, the Court only orders that the Government return the three phones to Salermo upon the latter's cooperation in allowing the Government to access and wipe the phones of all PII and other sensitive information of Salermo's victims.

Accordingly, for the reasons detailed above, the Court **grants in part and denies in part** Salermo's motion for the return of seized property. (**Mot., ECF No. 257**.)

The Court directs the Clerk to **mail copies of this order** to the Defendant Salermo at the address listed below.

**Done and ordered**, in Miami, Florida, on December 19, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies furnished to:*
Christopher Salermo
70385-509
10606 SW 118th Avenue
Miami, FL 33186