United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Christopher Salermo,<br>Defendant. | )<br>)<br>)<br>)  Criminal Case No. 21-20491-CR-Scola<br>)<br>)<br>) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Christopher Salermo's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 255.) The Government has responded opposing Salermos's motion. (Resp., ECF No. 263.) Salermo has not replied, and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** Salermo's motion for reduction of sentence. (**Mot., ECF No. 255**.)

1. **Background**

On September 29, 2021, a federal grand jury indicted Salermo and his co-defendants with conspiracy to commit bank fraud and conspiracy to commit money laundering. (ECF No. 3.) On April 25, 2022, pursuant to a plea agreement (ECF No. 122) and factual proffer (ECF No. 123), Salermo pled guilty to Count One of the indictment—specifically, to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349.

Ahead of sentencing, the United States Probation Office issued a draft Presentence Investigation Report ("PSI"). After considering the parties' respective objections to the PSI and related arguments, the Court determined that Salermo had a total offense level of 19, a criminal history category of I, and an advisory guideline range of 30-37 months. (*See* Resp. 3–4, ECF No. 263.) On July 14, 2022, the Court imposed an above-guideline sentence of 39 months in prison, followed by five years of supervised release. (J. 2-3, ECF No. 207.) Notwithstanding the advisory guidelines, both the Government and defense counsel agreed to this slight upward variance because a sentence within the guidelines risked under-sentencing Salermo as compared to some of his less-culpable co-conspirators. (*See* Resp. 4, ECF No. 263.) As of the filing of his motion, Salermo had an anticipated release date of May 1, 2024. *See Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last

visited Jan. 9, 2024).

Since Salermo was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). Salermo now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 39 months in prison and five years of supervised release.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that Salermo invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.* § 4C1.1(a).

Here, Salermo plainly fails to meet requirement number ten—*i.e.*, that he

"did not receive an adjustment under §3B1.1 (Aggravating Role)[.]" *See id.* § 4C1.1(a)(10). Notably, in his own motion, Salermo acknowledges that he received an "enhancement for a 'leadership role' in the crime, pursuant to USG § 3B1.1(c)[.]" (Mot. 4, ECF No. 255.) And, in line with this, at Salermo's sentencing hearing, both the Government and defense agreed to an upward variance in Salermo's term of imprisonment in consideration of the enhancement for his role as a manager and/or supervisor of the conspiracy. (Senten. Tr. 15:4-17:13, ECF No. 263-1.) Thus, because Salermo plainly does not satisfy all the requisite criteria for a two-level reduction in his offense level, his motion must be denied.

In its response, the Government points out that Salermo's motion also mistakenly requests a sentence reduction pursuant to Part A of Amendment 821 (*i.e.*, the Status Point Amendment). Though it is true that Salermo seems to inadvertently employ language relevant to Part A in his request for an adjustment, it seems clear to the Court that his motion is based exclusively on Part B (*i.e.*, the Zero-Point Offenders Amendment). (*See, e.g.*, Mot. 1–2, ECF No. 255 (background referring solely to the Zero-Point Offenders Amendment).) In any case, the Government correctly points out that the Status Point Amendment is irrelevant here because Salermo did not receive a criminal history point enhancement. (*See* Resp. 8–9, ECF No. 263.)

Finally, because Salermo does not qualify for a reduction pursuant to Amendment 821, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Salermo's motion for reduction of sentence is **denied**. (**Mot., ECF No. 255**.)

**Done and ordered** at Miami, Florida on January 11, 2024.

_____
Robert N. Scola, Jr.
United States District Judge